## EPSTEIN v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term.   December 11, 1906.)

1. EVIDENCE—OPINION EVIDENCE—EXPERTS—QUALIFICATION.
    An expert plumber was not qualified to give an expert opinion as to whether the sinking of an iron pillar supporting an elevated railroad structure was the cause of the breaking of a tile drain eight or nine feet below the foundation of the pillar.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 2356.]

2. STREET RAILROADS—NEGLIGENCE—ACTION—EVIDENCE—SUFFICIENCY.
    The fact that a tile drain eight or nine feet below the foundation of a pillar supporting an elevated railroad structure was broken by the pillar settling about three-fourths of an inch was insufficient to warrant a finding that the breaking was due to any negligence of the railroad company.

Appeal from City Court of New York, Special Term.

Action by Matilda Epstein against the Interborough Rapid Transit Company. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

Epstein Bros. (Jesse S. Epstein, of counsel), for appellant.
Charles A. Gardiner (M. W. Gallaway, of counsel), for respondent.

DAVIS, J.   The plaintiff alleges that she is the owner of No. 914 Third avenue, that these premises are connected with the main sewer on Third avenue by a six-inch drain pipe, that the defendant maintained an elevated structure on Third avenue, that one of the iron supports of the elevated road was placed directly over plaintiff's said drain sewer, and that between August 1 and September 15, 1903, the iron pillar sunk in the earth and broke the drain of the plaintiff, to her damage $685.   The complaint also alleges negligent maintenance of the elevated structure and negligent operation of the railroad as causes of the sinking of the pillar and of the breaking of the drain. The defense was a general denial.   At the close of the plaintiff's case the complaint was dismissed, on the ground that the plaintiff had not proved that the sinking of the pier was the direct cause of the breaking of the sewer.   This appeal is from the judgment dismissing the complaint.

It appears from the plaintiff's case that the house and sewer were constructed before the defendant's pillar was erected; that prior to the trouble with the sewer in 1903 it had always worked all right; that in September, 1903, the sewer stopped working; that the sewer was constructed of tiled pipe; that the plaintiff's plumber excavated in the street to the depth of 17 feet, and found the sewer pipe broken directly under the foundation of defendant's pillar; that the pipe was in good condition as far as use was concerned; that the break might have existed a week before being discovered, with the sewage still running through the pipe; that this might have created in the course of a few days more or less of a cavity in the earth, and with a weight of several tons above it would likely cause a depression.   It also appeared in evidence that the drain pipe was 8 or 9 feet below the lowest part of the foundation of the pillar.   When the plumber had dug down about five or six feet the defendant's inspector warned him to be careful, stating at the time that the pillar had sunk considerably and that they had been watching the pier for some time.   The plumber testified the pillar had sunk about three-quarters of an inch.   He also testified that he could not swear of his own knowledge whether it was the depression of the column that broke the pipe or whether it was the break in the pipe that caused the depression of the column.   Up to this point there is nothing in the evidence that would justify the court in submitting the case to the jury, because there is nothing to show that the sewer was broken through negligent maintenance of the pillar or through a negligent operation of the road.   The plaintiff then sought to prove by the plumber as an expert that the sewer was broken by the sinking of the defendant's pier, and he gave it as his opinion that the breakage of the pipe was caused by the weight of the pier.   This witness had been asked before to give his opinion as to what caused the breakage, and under objection of the defendant was not allowed to do so.   If this ruling of the court was error, it was afterwards cured by allowing the witness to state his opinion on the subject.

The question then arises whether this opinion of the plumber serves to complete a prima facie case for the plaintiff.   If we assume that the pipe had been in good condition and was broken by the pier settling three-quarters of an inch, from these facts the jury would not

be justified in finding that this settling was caused through negligence of the defendant. There is nothing in the evidence from which an inference can be drawn that a settling of this pier to the extent of three-quarters of an inch indicates faulty construction or negligent maintenance. Moreover, we think that, although this witness was expert as a plumber, he was not qualified to give an expert opinion as to whether the sinking of the pier caused the break in the sewer. If this matter is the subject of expert opinion at all, it would come rather within the range of an engineer's knowledge and experience. In view of these considerations, the judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.